United States District Court
for the

Southern District of Florida

| | |
|---|---|
| Teresa Pizzarello, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-22199-Civ-Scola |
| | ) |
| Zaida S. Housley and others, | ) |
| Defendants. | |

### Order Requiring Amended Complaint

This matter is before the Court on an independent review of the record. Pro se Plaintiff Teresa Pizzarello filed a Qui Tam complaint and emergency injunction. Because neither the complaint nor the injunction request is remotely clear, the Court **orders** the Plaintiff to file an **amended complaint** by **June 10, 2020**.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a cause of action "sounds in fraud" (which may be the case here), Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b).

Here, the Complaint appears to accuse seven Defendants of participating in a fraudulent scheme involving unidentified Federal benefits. (*See generally* ECF No. 1.) The Complaint also mentions "the trafficking of human beings" (*id.* at 2), the "Florida Homestead Exemption" (*id.* at 6), "bankruptcy fraud" (*id.* at 13), "extortion" (*id.* at 18), "blackmail" (*id.*), and "threat to murder" of the Plaintiff's father (*id.* at 18-19). It is unclear how these other allegations connect to the fraudulent scheme and what conduct pertained to which of the Defendants. Therefore, the Plaintiff failed to state a plausible claim for relief because she did not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, the Court **orders** the Plaintiff to file an amended complaint that complies with this order and the Federal Rules of Civil

Procedure by **June 10, 2020.** The Court further warns that failure to comply with this order, will result in sanctions, up to and including dismissal. *See* Fed. R. Civ. P. 16(f).

The only relief sought in the Complaint is an "emergency injunction." However, the Plaintiff does not clearly set forth her request for an injunction. In other words, it is not clear what she would like the Court to enjoin the Defendants from doing. Moreover, the Plaintiff has not shown that she has a substantial likelihood of success on the merits because she has not even successfully pled a cause of action. Therefore, to the extent that the Plaintiff's Complaint can be construed as an emergency motion for a preliminary injunction, the Court **denies** the motion **without prejudice and with leave to refile** a second motion for preliminary injunction.

**Done and ordered** at Miami, Florida, on May 27, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Teresa Pizzarello
5287 Benjamin Lane
Sarasota, FL 34233